[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-12365
Non-Argument Calendar
_____

D.C. Docket No. 0:15-cv-61788-JIC

SAMUEL HENDRICK ARTISTE,

Plaintiff-Appellant,

versus

BROWARD COLLEGE,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 17, 2017)

Before MARCUS, WILSON, and FAY, Circuit Judges.

PER CURIAM:

Samuel Hendrick Artiste, proceeding pro se, sued Broward College for employment discrimination and retaliation, in violation of 42 U.S.C. § 1981; Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e-2 and 2000e-3; and the Florida Civil Rights Act (FCRA), Fla. Stat. § 760.10(1)(a), (7).  The district court granted summary judgment in favor of Broward.  Artiste appeals that ruling.[1]

The district court properly granted summary judgment on the § 1981 claim. Section 1981 "does not itself create a remedy for that violation."  *Butts v. County of Volusia*, 222 F.3d 891, 894 (11th Cir. 2000).  The district court was correct even if we construe Artiste's claims liberally and assume he is bringing a claim under § 1983.  A Florida community college is an arm of the state, and therefore, Broward is protected from suit via § 1983 under Eleventh-Amendment immunity. *See Williams v. Dist. Bd. of Trs.*, 421 F.3d 1190, 1194 (11th Cir.2005) (per curiam).

Also, the district court properly granted summary judgment on the discrimination claims.  Title VII and the FCRA[2] make it unlawful for an employer to discriminate on the basis of race or national origin.  42 U.S.C. § 2000e-2(a)(1); Fla. Stat. § 760.10(1)(a).  Artiste alleged he was discriminated against but put forth

---

[1] We review a district court's order granting summary judgment de novo, "viewing all the evidence, and drawing all reasonable inferences, in favor of the non-moving party." *Vessels v. Atlanta Indep. Sch. Sys.*, 408 F.3d 763, 767 (11th Cir. 2005) (per curiam).

[2] Because the FCRA is modeled on Title VII of the Civil Rights Act of 1964 ("Title VII"), our analysis of claims under the FCRA is guided by decisions construing Title VII. *See Booth v. Pasco Cty., Fla.*, 757 F.3d 1198, 1200 n.1 (11th Cir. 2014).

no evidence that he was treated differently than similarly-situated employees outside of his protected class. *See McCann v. Tillman*, 526 F.3d 1370, 1373 (11th Cir. 2008) (laying out the burden-shifting framework). Further, Artiste failed to offer any evidence that Broward's proffered reasons for terminating him—a harassment complaint, violating college policy by obtaining a loan from a subordinate, and using work computers for personal purposes—were pretext. We have explained that, to establish pretext, the plaintiff must "meet the proffered reason head on and rebut it, and the employee cannot succeed by simply quarreling with the wisdom of that reason." *Brooks v. Cty. Comm'n*, 446 F.3d 1160, 1163 (11th Cir. 2006). "A reason is not pretext for discrimination unless it is shown both that the reason was false, and that discrimination was the real reason." *Id*. (internal quotation marks omitted). Not only did Artiste admit to the conduct Broward stated it fired him for, he produced no evidence of discrimination.

Finally, the district court properly granted summary judgment on the retaliation claims. Both Title VII and the FCRA prohibit retaliation by an employer against an individual because he has opposed an unlawful employment practice. *See* 42 U.S.C. § 2000e-3(a); Fla. Stat. § 760.10(7). A prima facie case of retaliation requires the plaintiff to show that: "(1) [he] engaged in statutorily protected activity; (2) [he] suffered a materially adverse action; and (3) there was a causal connection between [the two events]." *Chapter 7 Trustee v. Gate Gourmet,*

3

*Inc.*, 683 F.3d 1249, 1258 (11th Cir. 2012) (internal quotation marks omitted).  A plaintiff can establish causation by showing a "very close" temporal proximity between the statutorily protected activity and the adverse action.  *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007) (per curiam).  Artiste filed a complaint against Dean Theresa Justice in January 2014.  He was discharged thirteen months later.  Dean Justice had retired by the time Artiste was fired and was not involved in the decision to terminate Artiste.  These events are not sufficiently close in time to constitute evidence of causation.  *See id*.  Beyond the lack of temporal proximity, Broward presented legitimate reasons for terminating his employment, and Artiste presented no evidence to suggest that those reasons were pretextual.  *See Crawford v. City of Fairburn*, 482 F.3d 1305, 1308 (11th Cir. 2007).

**AFFIRMED.**

4